JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

D.G., a minor, by and through his parents and natural guardians Jack G. and Alyssa G.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Harry T. Coleman, Esquire    570-282-7440
41 N. Main Street, Suite 316    Harry@harrycolemanlaw.com
Carbondale, PA 18407

**DEFENDANTS**

Reading Area School District, and Allen Dawkins, individually and in his capacity as a Safe School Officer and Jane Done

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
Defendant Dawkins used excessive force upon the minor Plaintiff.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
02/11/2020

SIGNATURE OF ATTORNEY OF RECORD

FEB 18 2020

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA   20   917

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: In care of Harry T. Coleman, Esq., 41 N Main Street, 3rd Floor, Suite 316, Carbondale, PA 18407

Address of Defendant: 800 Washington Street, Reading PA 19601

Place of Accident, Incident or Transaction: Reading Intermediate High School a/k/a Central Middle School

---

**RELATED CASE, IF ANY:**

Case Number: N/A          Judge: N/A          Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/18/2020          _____          49137
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Harry T. Coleman, Esquire, counsel of record *or pro se plaintiff, do hereby certify:*

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 02/18/2020          _____          49137
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

D.G., a minor, by and through :     CIVIL ACTION
his parents and natural :
Guardians JACK G. AND ALYSS G.:     20    917
:
READING SCHOOL DISTRICT, et al.    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (XX)

2/18/2020    Harry T. Coleman, Esq.   Plaintiffs
Date          Attorney-at-law       Attorney for

570-282-7440    570-282-7606    Harry@harrycolemanlaw.com
Telephone      FAX Number      E-Mail Address

(Civ. 660) 10/02



LAW OFFICE OF
# *HARRY T. COLEMAN, ESQUIRE*
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA 18407
email: Harry@HarryColemanLaw.com
phone: (570) 282-7440 fax: (570) 282-7606

20      917

February 11, 2020

Clerk of Court
U.S. District Court
Eastern District of Pennsylvania
201 Penn Street
Reading, PA 19601

> *Re:*     *D.G., a minor, by and through his parents and natural guardians Jack G. and*
> *Alyssa G. v. Reading Area School District, et al.*
> *Docket No.:*

Dear Sir / Madam:

Enclosed with regard to the above-referenced matter, please find an original Complaint along with a draft in the amount of $400.00 for the filing of same.   I would kindly ask you file the original of record.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Thank you.

Very truly yours,

*Harry T. Coleman*

Harry T. Coleman, Esquire

HTC:at
Enclosures



$400

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.G., a minor, by and through his parents and natural guardians JACK G. and ALYSS G., | JURY TRIAL DEMANDED |
| *Plaintiffs* | CIVIL ACTION **20 917** |
| v. | CASE NO. |
| READING SCHOOL DISTRICT, | COMPLAINT |
| and | |
| ALLEN DAWKINS, individually and in his capacity as a Safe School Officer, | |
| and | |
| JANE DOE, a teacher within the Reading School District | |
| *Defendants.* | |

## COMPLAINT

Plaintiff, D.G., a minor, and his parents and natural guardians, Jack G. and Alyssa G., by and through counsel Harry T. Coleman, Esquire, and hereby brings this action against the Defendants above captioned and avers as follows:

## I.    INTRODUCTION

1.     This is an action for damages brought under 42 U.S.C. §§ 1983, 1988, the Fourth Amendment, the Fourteenth Amendment, and for violations of Pennsylvania State law.

## II.     <u>JURISDICTION AND VENUE</u>

2.     The foregoing paragraphs are incorporated herein by reference.

3.     This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution. Jurisdiction is based upon 28 U.S.C. § 1331 and the previously mentioned statutory and Constitutional provisions.

4.     Plaintiff invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 to hear and decide claims under state law as the state law claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper under 28 U.S.C. § 1391 in this Court because the conduct complained of occurred here and at least one defendant resides here.

## III.     <u>PARTIES</u>

6.     The foregoing paragraphs are incorporated herein by reference.

7.     D.G., a minor ("Plaintiff") is a competent individual with a mailing address in care of undersigned counsel, 41 N. Main Street, 3rd

Floor, Suite 316, Carbondale, Pennsylvania 18407.

8.    The Reading School District ("the District") is a Pennsylvania second-class public School District created, organized, and existing under the laws of the Commonwealth of Pennsylvania, Public School Code, 24 P.S. §§1-101, *et seq.*, with its principle place of business located at 800 Washington Street, Reading, PA 19601.

9.    The Reading Intermediate High School is now known as the Central Middle School and is a part of the Reading School District.

10.    The District has at all material times employed more than fifteen (15) employees.

11.    D.G. is, and was at all times relevant to this Complaint, a student at the Reading Intermediate High School, part of the Reading School District.

12.    Defendant Allen Dawkins is a Pennsylvania Safe School Officer who was employed by the Reading School District and acting under color of state law.  Defendant Dawkins is sued in his individual capacity and official capacity.

13.    Defendant Jane Doe, is on information and belief, an art teacher within the Reading School District who was present in the classroom during the physical assault upon the minor Plaintiff by Defendant

3

Dawkins.

14.     At all relevant times hereto, and in their actions and inactions, Defendants were acting alone and in concert under color of state law.

15.     At all relevant times hereto, Dawkins was acting directly or indirectly on behalf of the Reading School District.

16.     At all times relevant hereto, Dawkins was acting in the course and scope of his agency, authority, and/or employment with the Reading School District and under color of state law.

17.     Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff as set forth fully below.

## IV.      STATEMENT OF CLAIM

18.     The foregoing paragraphs are incorporated herein by reference.

19.     At all relevant times the minor Plaintiff was a student within the Reading School District.

20.     On or about March 12, 2019, the minor Plaintiff was fifteen (15) years of age and was in the art classroom at the Reading Intermediate High School when he was confronted by the Defendant Dawkins.

21.     Defendant Dawkins requested the minor Plaintiff to return to his assigned home room and became visibly angry when the minor Plaintiff did not promptly and quickly adhere to his request.

22.   At no time did the minor Plaintiff provoke Defendant Dawkins or did he pose a threat to Dawkins or any other individuals.

23.   Without any justification or basis, Defendant Dawkins forcibly and repeatedly assaulted the minor Plaintiff.

24.   Specifically, Defendant Dawkins tackled the minor Plaintiff and grabbed his wrists and forcibly pushed the minor Plaintiff into the desk located within the classroom.

25.   The actions of the Defendant Dawkins were done with such force that the minor Plaintiff was pushed in to the desk within the classroom such that said desk and chairs were caused to fall to the ground.

26.   Defendant Dawkins then struck the minor Plaintiff three times in the face area without provocation or justification.

27.   The above physical attack occurred in front of the entire class comprised of minor school children who looked upon the events in horror.

28.   One minor student recorded this attack on her mobile phone. The video of the attack is attached hereto and made a part hereof as Exhibit "A".

29.   During the course of the attack upon the minor Plaintiff, Defendant Dawkins repeatedly challenged the minor Plaintiff daring the minor Plaintiff student to hit him back.

30.   The minor Plaintiff at no time fought back or placed his hands on the Defendant Dawkins.

31.   The minor Plaintiff repeatedly attempted to deescalate the situation with the out-of-control Dawkins.

32.   The horrifying classroom event was such an ordeal that other students yelled at the Defendant Dawkins to stop and informed Dawkins that the minor Plaintiff had done nothing.

33.   One student can be heard to exclaim on the video during the course of the unprovoked and unjustified attack of the minor Plaintiff by Defendant Dawkins: "YOU CAN'T HIT A STUDENT!"

34.   On information and belief, Defendant Dawkins had anger issues prior to the date of incident that should have placed the Defendant District on notice that Defendant Dawkins was not an appropriate individual to be working in a school setting.

35.   Subsequent to the event, the School District did not follow its own Policies and Procedures by promptly notifying the parents of the minor Plaintiff that the event had occurred.

36.   The minor Plaintiff suffered both physical and emotional injuries as a result of the subject school attack.

37.   The minor Plaintiff reluctantly finished the academic year and

subsequently withdrew from the School District and has been subsequently home schooled.

38.    The conduct of the Defendant Dawkins was outrageous in a civilized society and specifically in the context of a school setting.

## COUNT I
## 42 U.S.C. § 1983 FOURTH AMENDMENT EXCESSIVE FORCE
### *Against Dawkins*

39.    The foregoing paragraphs are incorporated herein by reference.

40.    The Defendant Dawkins in this case is a persons within the meaning of 42 U.S.C. § 1983.

41.    At all relevant times, the Defendant Dawkins was acting under color of law within the meaning of 42 U.S.C. § 1983.

42.    While acting under color of law, Defendant Dawkins caused Plaintiff to be subjected to a deprivation of rights, liberties, and immunities secured by The United States Constitution.

43.    Namely, Defendant Dawkins caused Plaintiff to be deprived of the rights, liberties, and immunities that he is granted under the Fourth Amendment, Fourteenth Amendment, and Pennsylvania's Constitution.

44.    Plaintiff was violently struck in the face and physically assaulted and under the control of Dawkins at all times in the classroom.

45.    Plaintiff was not permitted to freely leave the classroom.

46.   Plaintiff believed he was not permitted to leave at all times relevant to this complaint.

47.   Plaintiff was seized within the meaning of the Fourth Amendment at all times relevant to this complaint.

48.   Dawkin's use of force by striking Plaintiff in the face and other parts of his body was an unreasonable use of force under the circumstances.

49.   Dawkins's use of force by physically manhandling Plaintiff in the classroom was an unreasonable use of force under the circumstances.

50.   Defendant Jane Doe had a duty to intervene to stop Dawkins from using excessive force on Plaintiff.

51.   Defendant Doe said nothing and did nothing when Dawkins assaulted Plaintiff.

52.   Defendant Doe said nothing and did nothing after Dawkins assaulted Plaintiff.

53.   Defendant Doe also had reason to believe that Dawkins was committing a constitutional violation because she observed Dawkins repeatedly strike a student in the face in a school setting, slam the minor Plaintiff into desk and chairs for no reason.

54.   Dawkins's above-described conduct was intended to injure

Plaintiff in that he repeatedly struck him directly in the face, without provocation or reason, when the minor Plaintiff student was completely defenseless.

55.    At all times relevant to this complaint, it was clearly established that repeatedly striking Plaintiff in the face, and forcefully slamming Plaintiff into tables and chairs was unreasonable and an excessive use of force.

56.    A reasonable School Officer would have realized that the above described conduct was an unreasonable and excessive use of force.

57.    As a result of the above described conduct, Plaintiff suffered actual damages in the form of medical bills, emotional distress, fear, humiliation, pain, and suffering.

**WHEREFORE**, Plaintiff demands judgment against Defendant Dawkins for actual damages, punitive damages, costs, and attorney's fees.

### COUNT II
### 42 U.S.C. § 1983 FOURTEENTH AMENDMENT
### *Against Dawkins*

58.    The foregoing paragraphs are incorporated herein by reference.

59.    Dawkin's conduct in this case shocks the conscience.

60.    Dawkin's conduct shocks the conscience since he repeatedly struck a student in the face while he was in a classroom for no other reason than to terrorize and intimidate Plaintiff.

9

61.    All students should feel safe and secure in classrooms.

62.    In this case, Dawkins physically terrorized Plaintiff during a school day, which magnifies the egregiousness of his assault on Plaintiff.

63.    Dawkin's conduct shocks the conscience since he slammed a student into tables and chairs in a classroom for no other reason than to terrorize and intimidate Plaintiff.

64.    The above-described force used by Dawkins was severe and disproportionate to the need presented.

65.    In fact, there was absolutely no need for Dawkins to use any type of force upon Plaintiff since Plaintiff was a student in a classroom was not being combative at all.

66.    Dawkin's actions were inspired by malice or sadism since he intended to physically harm the minor Plaintiff for no apparent reason.

67.    Additionally, Dawkin's actions were inspired by malice or sadism since he intended to physically harm Plaintiff without provocation or reason while the minor Plaintiff student had absolutely no ability to defend himself.

68.    Dawkin's actions amounted to a brutal and inhumane abuse of power since he physically abused Plaintiff in the classroom for no apparent reason while Plaintiff was completely defenseless.

10

69.     Dawkin's conduct was offensive and brutal because, among other things, he struck an minor student in the face during a school day in a Pennsylvania classroom without provocation or reason.

70.     Dawkin's conduct was intended to terrorize and intimidate the minor Plaintiff.

71.     Dawkin's above-described conduct was intended to injure and humiliate the minor Plaintiff in that he repeatedly struck him directly in the face, without provocation or reason, when the minor Plaintiff student was completely defenseless.

72.     At all times relevant to this complaint, it was clearly established that striking Plaintiff in the face and shoving the student into tables and chairs was unreasonable and an excessive use of force.

73.     A reasonable person would have realized that the above described conduct was an unreasonable and excessive use of force.

74.     Defendants conduct was outrageous, willful, and wanton.

75.     As a result of the above described conduct, minor Plaintiff suffered actual damages in the form of medical bills, emotional distress, fear, humiliation, pain, and suffering.

**WHEREFORE**, Plaintiff demands judgment against Defendants for actual damages, punitive damages, costs, and attorney's fees.

## COUNT III

## 42 U.S.C..§1983 FAILURE TO INTERVENE
### _Against Jane Doe In her individual capacity_

76.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

77.   Defendant Jane Doe is liable for failing to intervene to prevent the constitutional violations of Plaintiffs federally protected rights, as claimed herein, by Defendant Dawkins

78.   Plaintiff's Constitutional rights were violated as alleged herein.

79.   Under circumstances where a named Defendant was not the violator of a given right as alleged, she had the duty to intervene, including the duty to intervene to prevent the Constitutional violations more fully described herein.

80.   Defendant Doe had a reasonable opportunity to intervene.

81.   Defendant Doe failed to intervene.

82.   The non-intervening Defendant Doe is liable for the harm, and hence damages, suffered by the Plaintiff, as aforesaid.

**WHEREFORE**, Plaintiff demands judgment against Defendant for actual damages and punitive damages.

## COUNT IV

## 42 U.S.C §1983 CIVIL CONSPIRACY
### _Against All Defendants_

83.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

84.     The Defendants, or one or more of them, participated in a conspiracy to engage in cover up of the unlawful attack upon Plaintiff.

85.     This conspiracy, as it applied to the Plaintiff herein, was an express or implied agreement between the Defendants and others, whose exact identity is unknown to Plaintiff prior to discovery, to deprive the Plaintiff of his constitutional rights, as more fully described herein.

86.     The Defendants were voluntary participants in the common venture, understood the general objectives of the plan, knew it involved the likelihood of the deprivation of constitutional tights, accepted those general objectives, and then agreed, either explicitly or implicitly, to do their part to further those objectives.

87.     The Defendants then did each act, or where there was a duty to act, refrained from acting, in a manner intended to facilitate the deprivation of the Plaintiffs constitutional rights as alleged.

88.     An actual deprivation of those rights did occur to the Plaintiff resulting from the said agreement or common design, and as a foreseeable consequence thereof.

13

89.    The Defendants, and each of them, are jointly and severally responsible for the injuries caused by their fellow co-conspirators even if, or when, their own personal acts or omissions did not proximately contribute to the injuries or other damages which resulted.

90.    As a result of the Civil Conspiracy entered into and acted upon by the Defendants, and other co-conspirators, Plaintiff suffered a deprivation of her constitutional rights, and suffered damages as aforesaid.

**WHEREFORE**, Plaintiff demands judgment against Defendant for actual damages.

## COUNT V
## 42 U.S.C.§1983 MONELL LIABILITY
### *Against Defendant School District*

91.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

92.    Prior to March 12, 2019, the Defendant District developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of students within the District, which caused the violation of Plaintiffs constitutional rights.

93.    Plaintiff believes, and therefore avers, that it was the policy and/or custom of the Defendant District to inadequately and improperly investigate the stability and competency of School Officers and acts of

misconduct were instead tolerated by them.

94.   Plaintiff believes, and therefore avers, that it was also the policy and/or custom of the Defendant District to inadequately screen during the hiring process and to inadequately train and supervise their respective school officers, including Defendant Dawkins, thereby failing to adequately discourage further constitutional violations on the part of their School Officers in general and the Defendant Dawkins in particular.

95.   The Defendant District did not require or demand appropriate in-service training or re-training of school officers who were known to have engaged in misconduct or who were known to encourage or tolerate same.

96.   The Defendant District also did not adopt needed policies, which should have been intended and calculated to avoid the Constitutional violations referenced to herein.

97.   As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, school officers of the Defendant District, including the individual Defendant herein, believed that their actions ,would not be properly monitored by supervisory officials and that misconduct would not be investigated or sanctioned, but would be

tolerated.

98.   The above described policies and customs, and the failure to adopt necessary and appropriate policies, demonstrated a deliberate indifference on the part of the policymakers of the Defendant District, which was the cause of the violation of the Plaintiffs rights as alleged herein, and the claimed damages which resulted therefrom.

**WHEREFORE**, Plaintiff demands judgment against Defendants for actual damages.

**COUNT VI**
**42 U.S.C §1983 INTENTIONAL INFLICTION**
**OF EMOTIONAL DISTRESS**
***Against Dawkins***

99.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

100.  The Defendant Dawkins intentionally engaged in conduct that was extreme and outrageous in his physical beating of the minor Plaintiff.

101.  As a direct and proximate cause of Dawkin's conduct, the Minor Plaintiff suffered severe emotional distress of a lasting nature.

**WHEREFORE**, Plaintiff demands judgment against Defendants for actual damages and punitive damages.

**COUNT VII**
**COMMON LAW ASSAULT AND BATTERY**

### *Against Dawkins*

102.  The foregoing paragraphs are incorporated herein by reference.

103.  Dawkins, acting within the course and scope of his employment, attempted or threatened to inflict injury on the minor Plaintiff and created a reasonable apprehension of bodily harm or offensive manner with the consent of the minor Plaintiff.

104.  Dawkins intentionally caused the touching or application of force to the body of the minor Plaintiff in a harmful or offensive manner without the consent of the minor Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for actual damages and punitive damages.

## DEMAND FOR JURY TRIAL

105.  Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants for

      a.    Actual damages;

      b.    Punitive damages;

      c.    Attorney's fees;

      d.    Costs;

      e.    Interest; and

      f.    Any further relief that the Court deems just and proper.

Date:  February 11, 2020

Respectfully submitted,

LAW OFFICE OF HARRY T. COLEMAN

By: _____

Harry T. Coleman, Esquire
Attorney ID No.: 49137
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA 18407
(570) 282-7440
Harry@harrycolemanlaw.com

*Attorney for Plaintiffs*